**TEXAS HOSPITAL ASSOCIATION, Dallas/Fort Worth Hospital Council, Memorial Healthcare System, and Hendrick Medical Center, Appellants,**

v.

**TEXAS WORKERS' COMPENSATION COMMISSION, Appellee.**

No. 03–95–00227–CV.

Court of Appeals of Texas, Austin.

Dec. 6, 1995.

C. Dean Davis, Kenda B. Dalrymple, Davis & Davis, P.C., Austin, for appellants.

Dewey E. Helmcamp, III, Assistant Attorney General, General Counsel Division, Austin, for appellee.

Before POWERS, ABOUSSIE and KIDD, JJ.

KIDD, Justice.

Appellants Texas Hospital Association, Dallas/Fort Worth Hospital Council, Memorial Healthcare System, and Hendrick Medical Center ("the Hospitals") sued in district court for an injunction and a declaratory judgment that a rule promulgated by appellee Texas Workers' Compensation Commission ("the Commission") is void and unenforceable because the Commission failed to satisfy the reasoned-justification requirement of the Administrative Procedure Act.[1] Following a bench trial, the district court rendered judgment denying the relief sought by the Hospitals, who now appeal. We will reverse the district court's judgment and render judgment that the rule is void and

---

1. Tex. Gov't Code Ann. § 2001.033(1) (West 1995). For the sake of simplicity, we will refer to the Act as "the APA."

that the Commission be enjoined from enforcing it.

## THE CONTROVERSY

In 1989, the Texas Legislature significantly amended the Texas Workers' Compensation Act and directed the Commission to set new guidelines for reimbursements to health-care providers treating injured workers. Tex.Labor Code Ann. § 413.011(a)(1) (West 1995).[2] The Legislature provided that the guidelines "must be fair and reasonable and designed to ensure the quality of medical care and to achieve effective medical cost control." Id. § 413.011(b). To fulfill this difficult statutory command, the Commission implemented a completely new method for the calculation of hospital and medical services fees: flat-rate per-diem reimbursement.

In the past, the Commission had set fees at a percentage of the provider's usual charges, with added maximum-payment levels to provide for cost containment. Under the new system, the Commission divided hospital and medical services into broad categories, such as surgical or intensive care, and assigned a fixed per-diem reimbursement for any treatment within the category. The old system accounted for differences in geography and complexity of the procedure because it calculated reimbursements as a percentage of the provider's usual charges. The new fee system breaks with the old reimbursement method in that it applies a fixed per-diem reimbursement without variation for geographic location or the specific medical condition involved. For example, under the new system Methodist Hospital in Houston receives the same per-diem reimbursement for open-heart surgery that a smaller hospital receives for surgery necessitated by a broken leg because both receive the fixed per-diem rate pursuant to the "surgery" category. Under the old system based on provider charges, the two procedures would have yielded significantly different reimbursements.

At issue in this appeal is a rule promulgated by the Commission in 1992 to implement the new per-diem reimbursement system for hospitals providing inpatient, acute-care services. See 28 Tex.Admin.Code § 134.400 (1995) ("Rule 400"). Rule 400 adopts by reference the "Acute Care Inpatient Hospital Fee guideline" ("the guideline"). The guideline sets the per-diem reimbursement rates for the three broad categories of treatment devised by the Commission (medical, surgical, and intensive care). The Commission developed the guideline by analyzing empirical billing data provided by hospitals, devising an average per-diem rate for each broad category of medical service, and adjusting downward by 8.5% for cost containment.

The Hospitals challenged Rule 400 in district court after the Commission adopted the rule by an order published in the Texas Register. 17 Tex.Reg. 4949 (1992) ("the order"). The Hospitals argued that Rule 400 is invalid because the order adopting it did not contain a "reasoned justification," as required by the APA. APA §§ 2001.033(1), 2001.035(a). The district court denied the Hospitals' request for declaratory and injunctive relief, and they now appeal the district-court judgment.

## DISCUSSION

■ The APA requires that an agency order adopting a rule must contain a reasoned justification for that rule. APA § 2001.033(1). A reasoned justification must include the following three elements: a summary of comments the agency received, a restatement of the rule's factual basis, and the reasons why the agency disagrees with a party's comments. Id. In addition to the three minimum criteria, the agency must provide a reasoned justification for the rule as a whole. Railroad Comm'n v. Arco Oil & Gas Co., 876 S.W.2d 473, 492 (Tex.App.—Austin 1994, writ denied); Chrysler Motors v. Motor Vehicle Comm'n, 846 S.W.2d 139, 143 (Tex.App.—Austin 1993, no writ). If the order adopting a rule does not substantially comply with the above requirements within its "four corners," the rule is invalid. APA § 2001.035(a); Methodist Hosps. v. Industrial Accident Bd., 798 S.W.2d 651, 659 (Tex.

---

2. The Legislature codified the Workers' Compensation Act into the Labor Code in 1993. Act of May 22, 1993, 73d Leg., R.S., ch. 269, § 1, 1993 Tex.Gen.Laws 987 (Tex.Labor Code Ann. §§ 401.001–417.004). Prior to the codification, the Act had been located at Tex.Rev.Civ.Stat.Ann. arts. 8306–8309i.

App.—Austin 1990, writ dism'd w.o.j.). To substantially comply with the APA, a reasoned justification must concisely, specifically, and unambiguously secure the essential legislative objective of "provid[ing] the factual basis and rationality of the rule as determined by the agency." *Arco,* 876 S.W.2d at 491. We review a challenge to the reasoned-justification requirement using an "arbitrary and capricious" standard, with no presumption that facts exist to support the agency's order. *Id.*

■ The Hospitals argue that the Commission failed to substantially comply with its statutory duty to provide, within the four corners of the order adopting Rule 400, a restatement of the rule's factual basis or an independent justification of the rule as a whole. The Commission responds that its order, even if it does not contain a concise and discrete restatement of factual basis or reasoned justification, nevertheless satisfies both requirements through language "woven" into the Commission's responses to the summarized comments. We agree with the Hospitals that the order does not provide a reasoned justification or restate the factual basis of Rule 400 and thus does not substantially comply with the APA requirements.

The Commission claims that several portions of the order satisfy the reasoned justification and factual basis requirements. First, the Commission points to the following:

> The commission is required by law to adopt rules to establish guidelines for fees charged or paid for medical services. This section adopts by reference the "Acute Care Inpatient Hospital Fee Guideline" and establishes a per diem method of payment for services provided by certain hospitals for acute care.

This language fails to meet either requirement. The first sentence does not suffice because it merely summarizes a legislative mandate. *Arco,* 876 S.W.2d at 494. Nor can the second sentence suffice by simply stating *what* action the Commission took and not the facts or reasoning justifying *why* the Commission took it. This is no justification at all, much less a reasoned one. *See Id.* at 493.

Next, the Commission points to the following:

> The per diem model was developed after consulting with the Texas Hospital Association (THA) and was based on THA provided billing data for approximately 6,000 workers' compensation hospital admissions. The proposed payment levels were derived from actual workers' compensation data collected from all areas of the state and from all types of hospitals. The data also represented various lengths of stay, as well as various types and severity of injuries/illness. Original payment levels were then adjusted to reflect an 8.5% cost containment factor. The specific payment levels proposed were recommended by the Medical Advisory Committee, after review of possible models prepared by staff.

This language from the order also fails to provide a reasoned justification or factual basis for Rule 400. The Commission generally describes the data it relied upon in formulating the rule, but in no way answers *why* it decided that Rule 400 was an appropriate response to that data. For instance, the paragraph mentions several "models" that the Commission considered but fails to justify *why* the Commission chose the model adopted by Rule 400 over another. This failure to compare or analyze amounts to "rationale with no substance" and does not satisfy the APA. *Arco,* 876 S.W.2d at 493. In other words, the language cited by the Commission fails to show how Rule 400 is "a rational response" to the data it analyzed, given the legislative mandate. *National Ass'n of Ind. Insurers v. Texas Dep't of Ins.,* 888 S.W.2d 198, 209 (Tex.App.—Austin 1994, writ granted).

■ Even when viewed as a whole, the order fails to provide a restatement of factual basis or reasoned justification for Rule 400. *See id.; Chrysler Motors,* 846 S.W.2d at 143. The Labor Code charges the Commission with a very important and difficult task: quality medical care at fair prices with emphasis on cost containment. The order promulgating Rule 400 should explain how and why the guidelines selected by the Commission satisfy those statutory criteria. It does not do so, even when reviewed with a generous eye. Woven throughout the order are the following remarks:

The commission has determined the [guideline] to be fair and reasonable reimbursement for health care providers.

The per diem method provides strong incentives to a hospital to control costs.

Staff compared per diem to diagnosis related group [models] and found the per diem system to be more accurate. . . .

The proposed per diem levels were based on analysis of actual workers' compensation admission/billing data . . . as well as the judgment (experience) of the Medical Advisory Committee.

These comments give a representative flavor of the order as a whole. The order provides conclusory allegations that the rule will effectively achieve the Commission's statutory mandate but utterly fails to describe how or why the Commission arrived at that conclusion. An order phrased in conclusory terms does not satisfy the APA requirement of a reasoned justification or factual basis for a rule. *Arco,* 876 S.W.2d at 492.

In the circumstances of this appeal, the order's lack of a stated factual basis or reasoned justification is especially troublesome. The Commission has implemented a totally new reimbursement system with serious financial consequences to the Hospitals. Such a significant change should be based on reliable, pertinent data and a penetrating analysis of alternatives. The order fails to document either. The Commission has decided to reimburse very different medical services at the same rate because they fall into the same broad category. The Commission cannot justify such an action without providing, or more thoroughly describing, the data it used.[3] A terse reference to "empirical billing data" is not enough to provide a factual basis for the rule. The brief comments offered by the Commission do not even begin to explain either the data or reasoning that compel the conclusion that a few per-diem rates can cover very different medical procedures in the many and diverse communities of Texas.

For the reasons given, we hold that Rule 400 is invalid because the Commission order adopting it violates the APA by failing to provide a reasoned justification or restatement of the rule's factual basis. Accordingly, we sustain the Hospitals' first point of error. We need not address the Hospitals' second point of error nor their argument that the Commission failed to adequately summarize the comments to Rule 400.

### CONCLUSION

The Commission order adopting Rule 400 violates the APA because it contains neither a reasoned justification nor a restatement of the rule's factual basis. Accordingly, we reverse the judgment of the district court and render judgment that the rule is void and that the Commission be enjoined from enforcing it.

---

**3.** Nowhere in Rule 400 or any of its supporting documentation do we find a description of the accuracy or extent of the database used by the Commission in calculating the per-diem reimbursement rates.