# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-02-00429-CV

**Hospitals and Hospital Systems, et. al., Appellants**

**v.**

**Continental Casualty Company, et al., Appellees**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
NO. GN-001259, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

## O P I N I O N

Individual hospitals and hospital systems ("Hospitals") appeal a declaratory judgment in favor of Continental Casualty Company and others ("Insurers") who pay worker's compensation medical claims.[1] The Hospitals filed claims for medical dispute resolution after the invalidation of the 1992 Acute Care Hospital Fee Guideline ("1992 Fee Guideline"). At issue is whether Texas Worker's Compensation Commission (the "Commission") rule 133.305(a) bars the Hospitals' claims because they were filed with the Commission more than one year after the date the hospital services were provided. *See* 28 Tex. Admin. Code § 133.305(a) (2000).[2] The Hospitals appeal by the

---

[1] The appendix to this opinion lists the appellants and appellees individually.

[2] The rule in effect at the time this suit commenced was 133.305(a) and is the rule the parties have cited to in their briefs. On July 15, 2000, this provision was moved from subsection (a) to subsection (d) without substantive change. *See* 28 Tex. Admin. Code § 133.305(d) (2002). During the pendency of this appeal, the rule was moved again without substantive change. *See* 27 Tex. Reg.

following two issues: (1) rule 133.305(a) does not bar the Hospitals' resubmitted claims because the time limit for filing claims under the statute was tolled by the pendency of the litigation brought to invalidate the 1992 Fee Guidelines; and (2) application of rule 133.305(a) was temporarily waived by the Commission in a 1997 settlement agreement. We will affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL HISTORY

In 1992, the Commission adopted a new fee guideline which set forth reimbursement rates to be paid to hospitals for inpatient medical treatment rendered to worker's compensation patients. This guideline, which took effect on September 1, 1992, established a new "per diem," or flat-rate structure, which was a significant departure from the way that inpatient hospitalizations had previously been paid. Prior to the effective date of the 1992 Fee Guideline, the Texas Hospital Association and several individual hospitals (collectively, "THA") filed suit for declaratory judgment challenging the guideline on both procedural and substantive grounds. *See* Tex. Gov't Code Ann. § 2001.038 (West 2000). However, THA abandoned the substantive challenge to the guideline and only argued that the adoption notice of the 1992 Fee Guideline failed to substantially comply with the procedures of the Administrative Procedure Act (the "APA"). *See id.* The trial court upheld the 1992 Fee Guideline in February 1995 and THA appealed.[3]

12282 (2003) (to be codified at 28 Tex. Admin. Code § 133.307(d)). For convenience, we will cite to former 133.305(a), since it is the version the parties cite.

[3] Texas Hospital Association ("THA") did not request that the trial court maintain the status quo by issuing a temporary injunction against the Commission to enjoin the enforcement of Rule 133.305(a) in order to preserve the hospitals' right to timely file medical dispute resolution claims if and when the 1992 Guideline was set aside by the courts. *Cf. Patient Advocates of Tex. v. Texas Workers Comp. Comm'n*, 80 S.W.3d 66, 80 (Tex. App.—Austin 2002, pet. filed).

2

On December 6, 1995, this Court reversed the trial court on the grounds that the Commission failed to follow the procedural requirements of the APA because the Commission's order adopting the guideline did not contain a sufficient "reasoned justification." *Texas Hosp. Ass'n v. Texas Worker's Comp. Comm'n*, 911 S.W.2d 884, 888 (Tex. App.—Austin 1995, writ denied). We held the 1992 Fee Guideline void and unenforceable and issued an injunction which prohibited the Commission from continuing to enforce the void fee guideline. Having dropped their substantive challenge to the validity of the 1992 Fee Guideline, the Hospital's only recourse to prove their entitlement to more money was through the filing of requests for dispute resolution with the Medical Review Division on each individual claim.

Although the 1992 Fee Guideline was rendered void and unenforceable by this Court, the executive director of the Commission issued a memorandum to all worker's compensation insurance carriers and the Hospitals advising that the Commission would appeal the *Texas Hospital Association* ruling. The memorandum also stated that the Medical Review Division would take no action on requests for medical dispute resolution where the sole basis for the request was that the 1992 Fee Guideline had been declared void.[4]

From September 1, 1992 (the date on which the 1992 Fee Guideline became effective) to August 1, 1997 (the date a new guideline was effectuated), the Hospitals continued to treat worker's compensation patients and accept payment for services under the 1992 Fee Guideline. The Hospitals did not file requests challenging the amounts of the payments for the claims in dispute.

---

[4] Health care providers who disagree with an insurance company's denial of a claim or the amount reimbursed for the claim are entitled to have their dispute reviewed by the Commission's Medical Review Division. *See* Tex. Lab. Code Ann. § 413.031 (West Supp. 2003).

3

Following the final action by the supreme court denying the Commission's application for writ of error and overruling its motion for rehearing, the Hospitals sought to have all claims for medical services rendered during the prior five-year period reexamined through the medical dispute resolution process and paid under the more generous fee guidelines that were in place prior to the implementation of the 1992 Fee Guideline. This resulted in over 20,000 claims being submitted to the Medical Review Division, most of which were past the one-year limitation period imposed by rule 133.305(a). *See* 28 Tex. Admin. Code § 133.305(a).

Through a series of letters, the Commission indicated that it intended to apply rule 133.305(a)—the one-year rule—to those claims that were more than one year past the original date of service. The Hospitals filed suit once again, and on the eve of trial the two parties agreed to a Compromise Settlement Agreement (hereinafter "Settlement Agreement") in which the Commission agreed to "accept and process" each of the 20,000 disputed claims.

The process of examining the claims commenced, but every claim for additional payment was denied. The denials were not based on the one-year rule, but rather that the hospital failed to meet its burden to show that the amount paid under the 1992 Fee Guideline did not meet the reimbursement standards set forth in the Worker's Compensation Act. *See* Tex. Lab. Code Ann. § 413.011(d) (West Supp. 2003). The Hospitals disputed these determinations and sought a hearing at the State Office of Administrative Hearings ("SOAH").[5] *See* Tex. Lab. Code Ann. § 413.031(k)

---

[5] The Administrative Law Judge ("ALJ") stated that the issue of the propriety of payments made pursuant to the 1992 Fee Guideline will be measured against the statutory standards of section 413.011(d) of the Texas Labor Code, which provides that "guidelines for medical services fees must be fair and reasonable . . . ." *See* Tex. Labor Code Ann. § 413.011(d) (West 2003). The Hospitals have the burden of proof to show that the payments violated this statute. The ALJ ruled that

4

(West Supp. 2003).  The Administrative Law Judge ("ALJ") ordered the parties to brief several threshold legal issues, including whether the one-year rule applied to the Hospitals' claims filed out of time, as asserted by the Insurers.  The ALJ held against the Insurers, finding that the Commission was authorized to waive and/or suspend its own one-year rule and properly did so through the Settlement Agreement.  The Insurers filed suit against the Commission challenging its authority to waive the one-year rule.  The Hospitals intervened, this time on the side of the Commission.  The trial court rendered judgment in favor of the Insurers, upholding the validity and enforceability of rule 133.305(a).  It is this decision that the Hospital intervenors appeal, as the Commission chose not to appeal.[6]

## DISCUSSION

Whether rule 133.305(a) applies to bar the 20,000 pending medical fee dispute claims is a question of law.  We review the trial court's conclusions of law *de novo* and will uphold them if they can be sustained on any legal theory supported by the evidence.  *Raymond v. Rahme*, 78 S.W.3d 552, 554 (Tex. App.—Austin 2002, no pet.).  Even if we find a conclusion of law to be incorrect, we will not reverse a judgment if it can be sustained on any correct legal theory supported by the evidence.  *Id.*; *Cohn v. Commission for Lawyer Discipline*, 979 S.W.2d 694, 697 (Tex. App.—Houston [14th Dist.] 1998, no pet.).

invalidation of the 1992 Fee Guideline on procedural grounds does not mean that payments made pursuant to the guideline are invalid automatically, consistent with the memorandum from the executive director of the Commission indicating that the Medical Review Division would take no action on requests for medical dispute resolution where the sole basis for the request was that the 1992 Fee Guideline had been declared void.

[6] The SOAH proceedings have been stayed pending the outcome of this decision.

The Hospitals contend that after ten years of litigation and a previous victory in having the 1992 Fee Guideline declared void, they are now being denied the opportunity to finally be paid what they feel would be a "fair and reasonable" amount for their services. One obstacle standing in the way of this pursuit is rule 133.305(a), which dictates that all requests for review of disputed fees must be submitted to the Commission no later than one calendar year from the date(s) of service.[7] This rule has been upheld for over a decade. *See Patient Advocates of Tex. v. Texas Workers Comp. Comm'n*, 80 S.W.3d 66, 80 (Tex. App.—Austin 2002, pet. granted) (stating that primary purpose of statute of limitations is to ensure that claims are asserted within reasonable time, giving opposing party fair opportunity to prepare defense while evidence is still available).

*Tolling*

By their first issue, the Hospitals assert that the application of rule 133.305(a) was tolled during the five years that their lawsuit challenging the 1992 Fee Guideline was winding its way through the courts, ending with this Court's opinion in *Texas Hospital Association. See Texas Hosp. Ass'n*, 911 S.W.2d at 888 (holding that Commission failed to follow procedural requirements in enacting guideline because Commission's order adopting guideline did not contain sufficient "reasoned justification"). The Hospitals claim that their right to seek additional reimbursement

---

[7] Section 133.305(a) provides:

> (a) A request for review of medical services and dispute resolution . . . *shall* be submitted to the commission . . . no later than one calendar year after the dates of service in dispute.

28 Tex. Admin. Code § 133.305(a) (West 2000) (emphasis added).

6

through the medical dispute resolution process depended entirely on the outcome of their challenge to the 1992 Fee Guideline.[8]  Relying on *Hughes v. Mahaney & Higgins*, the Hospitals argue that limitations periods are tolled for the second action if the viability of the second cause of action depends upon the outcome of the first.  821 S.W.2d 154, 157 (Tex. 1991).  The Hospitals' reliance on *Hughes* is misplaced.  The actual rule stated in *Hughes* is that "where a person is *prevented* from exercising his legal remedy by the pendency of legal proceedings, the time during which he is thus *prevented* should not be counted against him in determining whether limitations barred his right." *Id.*  (emphasis added); *see Holmes v. Texas A&M Univ.*, 145 F.3d 681, 685 (5th Cir. 1998) ("Texas permits the tolling of a statute of limitation only where a plaintiff's legal remedies are *precluded* by the pendency of other legal proceedings") (emphasis added).

The Hospitals were not "prevented" or "precluded" from seeking additional reimbursement.  The Hospitals claim that seeking additional reimbursement through the Commission's medical dispute resolution process depended entirely on the outcome of their challenge to the 1992 Fee Guideline.  However, no pending legal proceeding prevented the Hospitals from timely filing their claims at the Commission.  The declaratory judgment action was not the exclusive method to challenge the validity of the 1992 Fee Guideline; therefore, the institution of

---

[8] The Hospitals also seem to argue that their claims for additional payments did not accrue until after the 1992 Fee Guideline was rendered void because their claims were not evident before that time.  This argument is without merit.  The 1992 Fee Guideline was being challenged on procedural, not substantive grounds.  Moreover, the language of rule 133.305 clearly states that the one-year time period begins to run on the date the hospital services were rendered.  It is the Commission's rule that defines when a claim accrues, as well as how long the provider has to file it.  The Hospitals' failure to seek an agency determination on the issue of additional reimbursement is not protected by their suit for declaratory relief under the APA.

7

such suit did not shield the Hospitals from timely filing their requests for medical dispute resolution.[9] The Hospitals were free to challenge the validity of the 1992 Fee Guideline before the agency in addition to seeking a declaratory judgment. *See* Tex. Gov't Code Ann. § 2001.038(d) ("[a] court may render a declaratory judgment without regard to whether the plaintiff requested the state agency to rule on the validity or applicability of the rule in question.").

Additionally, the Hospitals could have continued to seek additional reimbursement with supporting evidence showing the additional amount is fair and reasonable. As this Court held in *Methodist Hospitals v. Texas Worker's Compensation Commission*, guidelines merely assist carriers and the Commission in determining whether medical charges are "fair and reasonable." 874 S.W.2d 144, 149-50 (Tex. App.—Austin 1994, no writ). The Commission is free to compensate providers an amount it deems has been *shown* to be appropriate. *Id.* Section 413.031(b) of the Texas Labor Code provides:

> (b)  A health care provider who submits a charge in excess of the fee guidelines . . . is entitled to a review of the medical service to determine if *reasonable medical justification* exists for the deviation . . . .

Tex. Lab. Code Ann. § 413.031(b) (emphasis added).

After this Court invalidated the 1992 Fee Guideline in 1996, the Commission indicated that it would not take any action on requests for medical dispute resolution where the *sole basis* for the request was that the 1992 Fee Guideline had been declared void.

---

[9] The Administrative Procedure Act (the "APA") provides an additional, but not exclusive, vehicle to challenge the validity or applicability of a rule. It provides that the "validity or applicability of a rule "may" be determined in an action for declaratory judgment . . . ." Tex. Gov't Code Ann. § 2001.038 (West 2000).

8

The Hospitals argue that due to the position taken by the Commission *in 1996*, any effort on their part to seek additional reimbursement would have been futile. We disagree. The Hospitals offer no explanation as to why they did not file *any* requests for dispute resolution between the time this suit was initiated in September 1992 and February 1997, when the supreme court took its final action. The memorandum from the executive director of the Commission indicated that they would take no action on requests for medical dispute resolution seeking additional reimbursement based *solely* upon the 1992 Fee Guideline being declared void. However, the Hospitals could have pursued additional reimbursement if they could provide "reasonable medical justification" for the additional amount pursuant to section 413.031(b). Just because the fee guideline had been invalidated on *procedural* grounds does not necessarily mean that the amount paid under the fee guideline on any given claim was not "fair and reasonable." The Hospitals could have submitted the claims for additional reimbursement with supporting evidence to show the additional amount is fair and reasonable. This they did not do.

Moreover, the Hospitals could have sought an injunction against the application of rule 133.305(a) during the pendency of their suit to invalidate the 1992 Fee Guidelines, as the plaintiffs did in *Patient Advocates*. 80 S.W.3d 66. In *Patient Advocates*, the plaintiffs sought and were granted a temporary injunction against the application of rule 133.305(a) during the pendency of their suit to invalidate the Commission's 1996 Medical Fee Guideline.[10]

---

[10] The opinion in *Patient Advocates* does not refer to the temporary injunction against the application of rule 133.305(a); however, the order granting a temporary injunction in *Patient Advocates* was made a part of the record in this case.

9

The Hospitals did not challenge the validity of rule 133.305(a) and this Court has held that rule 133.305(a) is valid. *Id.* at 80. Therefore, rule 133.305(a) applies to bar the Hospitals' claims filed more than one year from the date of service unless the Hospitals can show they are somehow excused from timely acting. The Hospitals could have done one of two things to preserve their claims—either file for a temporary injunction pending the outcome of their challenge on the validity of the 1992 Fee Guidelines or request payment in excess of the fee guideline supported by evidence showing that a different amount is fair and reasonable. The Hospitals did neither. They filed a declaratory action seeking to invalidate the 1992 Fee Guidelines. They did not seek to enjoin enforcement of rule 133.305(a) pending the outcome of that suit, nor did they submit any claims to medical dispute resolution, requesting the board to consider a request for payment in excess of the fee guidelines during the pendency of their suit. Therefore, we hold that rule 133.305(a) was not tolled while the 1992 Fee Guideline was being challenged. Issue one is overruled.

*Waiver*

In their second issue, the Hospitals advance the theory that the Commission suspended rule 133.305(a) in 1997 when it entered into the Settlement Agreement with the Hospitals. On July 29, 1997, the executive director of the Commission and the Hospitals entered into a settlement in which the Commission agreed to "accept and process requests for medical dispute resolution" for claims arising from "services provided on or after September 1, 1992 and prior to February 14, 1997." The language of the Settlement Agreement does not expressly waive the one-year statute of limitations. To the contrary, the Settlement Agreement provides that "all provisions of the Commission's rules shall apply to procedures for and determinations of the claims submitted."

10

The Hospitals argue that the actions of the executive director in agreeing to consider claims which were more than one year past the date of service *implies* a waiver of the one-year rule.

Assuming without deciding that the terms of the Settlement Agreement implied a waiver of the one-year rule, the executive director does not have the authority to effectuate such a waiver of a lawfully enacted agency rule. The duties of the executive director are set forth in sections 402.041 and 402.042 of the labor code. *See* Tex. Lab. Code Ann. §§ 402.041-.042 (West 1996). Those enumerated powers specifically reserve "rule-making" to the members of the Commission. Section 402.004 clarifies that the Commission may take action only by a majority vote of its six members who are appointed to the Commission for six-year terms. *See id*. §§ 402.001-.004 (West 1996). Therefore, we find that there can be no implied waiver by virtue of the Settlement Agreement.

Even if the Settlement Agreement had been effective to waive the one-year rule, it would not have revived claims that were already stale when the agreement was signed, *i.e.*, claims that were more than one year past the date of service. It is well settled that after a cause of action is barred by a statute of limitations the defendant has a right to rely on such statute as a defense. *See Baker Hughes, Inc. v. Keco R.& D., Inc*., 12 S.W.3d 1, 4 (Tex. 1999) (statute which extended limitations for misappropriation of trade secrets to three years could not revive claim that was time-barred under previous two-year rule); *Continental S. Lines v. Hilland*, 528 S.W.2d 828, 831 (Tex. 1975) (amendment to rule governing suits in assumed name did not remove bar of statute of limitations where limitation period had run prior to effective date of amendment); *AT&T Corp. v. Rylander*, 2 S.W.3d 546, 554 (Tex. App.—Austin 1999, pet. denied) (holding statute which enabled

11

new limitations scheme for requesting tax refund could not revive claims on which limitations had already run under previously applicable residual period). In this case, the insurance carriers had a vested right to rely on rule 133.305(a) as a defense against claims brought more than one year after the date of service and this right could not be waived by the Commission entering into the Settlement Agreement.

## CONCLUSION

Commission rule 133.305(a) requires that all requests for review of medical services and dispute resolution be submitted no later than one calendar year after the date(s) of service in dispute. 28 Tex. Admin. Code § 133.305(a). Because we find the application of the one-year rule has not been tolled or waived, we will affirm the judgment of the trial court.

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed: May 30, 2003

12