ACCEPTED
15-25-00026-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
7/14/2025 12:00 AM
CHRISTOPHER A. PRINE
CLERK

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
7/14/2025 12:00:00 AM
CHRISTOPHER A. PRINE
Clerk

# No. 15-25-00026-CV

**IN THE FIFTEENTH COURT OF APPEALS**

**AUSTIN, TEXAS**

---

**Dr. Eric Vanderwerff, D.C., Appellant**

**v.**

**Texas Department of Insurance - Division of Workers' Compensation, DWC, and DWC Commissioner Jeff Nelson in his Official Capacity, Appellee**

---

**On appeal from the 455th District Cout of Travis County in Case No. D-1-GN-23-004200 the Honorable Karin Crump Presiding District Judge**

---

## APPELLANT'S BRIEF

---

Bradley Dean McClellan
Board Certified in Workers' Compensation Law,
Texas Board of Legal Specialization
State Bar No. 13395980
2904 Bowman Avenue
Austin, Texas, 78703
Phone: 512-694-8843
Fax: (512) 564-4284
Brad.McClellan@yahoo.com
*Counsel for Dr. Eric Vanderwerff, D.C.
Appellant*

**July 11, 2025**

**Oral Argument Requested**

## IDENTITY OF PARTIES & COUNSEL

***Appellant/Plaintiff Below:***
Dr. Eric Vanderwerff, D.C.
By and through his attorney:

Bradley Dean McClellan
Law Office of Brad McClellan
State Bar No. 13395980
Board Certified in Workers' Compensation Law,
Texas Board of Legal Specialization
2904 Bowman Avenue
Austin, Texas, 78703
Phone: 512-694-8843
Fax: (512) 564-4284
Brad.McClellan@yahoo.com
Counsel for Norman Engel, Appellant

**Appellees/Defendants Below:** Texas Department of Insurance-Division of Workers' Compensation, DWC, and DWC Commissioner Jeff Nelso, in his official capacity and the State of Texas through the Office of the Attorney General represented by and through

Lauren McGee
Assistant Attorney General
Office of the Attorney General of Texas
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-3203
Lauren.mcgee@oag.texas.gov
Attorney for Appellees State & DWC Defendants

TABLE OF CONTENTS

TABLE OF AUTHORITIES                        v-iv

ISSUE PRESENTED                             viii

IDENTITY OF PARTIES & COUNSEL               ii

STATEMENT OF THE CASE                       vi


APPELLANT'S BRIEF                           1

SUMMARY OF ARGUMENT                         1

STATEMENT OF FACTS                          8

ARGUMENT & AUTHORITIES                      19
Issue No. 1:

Issue No. 2                                 30

Issue No. 3                                 44


CONCLUSION                                  49

PRAYER                                      50

CERTIFICATE OF COMPLIANCE                   51

CERTIFICATE OF SERVICE                      51

APPENDIX                                    51

# INDEX OF AUTHORITIES

**Cases**

*American Surety Co. v. State*, 277 S.W. 790, 793 (Tex. Civ. App. 1st 1925)............ 43

*Branaum v. Patrick*, 643 S.W.2d 745, 749 (Tex. App.--San Antonio 1982, no writ) .. 54

*Cash Am. Int'l Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000)................................ 13

*City of El Paso v. Heinrich,* 284 S.W.3d 366, 373 n.6 (Tex. 2009) ......................... 55

*City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) ................................. 13

*Dass v. Tex. Bd. of Prof'l Eng'rs*, 517 S.W.3d 252, 256-57 (Tex. App.—Austin 2017, no pet.)................................................................................................... 31

*Goldberg v. Kelly,* 397 U.S. 254 (1970) ................................................................. 49

*Hospitals & Hosp. Sys. v. Continental Cas. Co.*, 109 S.W.3d 96, 97-98 (Tex. App.—Austin 2003, pet. denied) ......................................................................... 47

*Howell v. Mauzy*, 899 S.W.2d 690, 705 (Tex. App.--Austin 1994, pet. denied) ........ 54

*Magnolia Petroleum Co. v. New Process Prod. Co.,* 129 Tex. 617, 104 S.W.2d 1106, 1110-11 (Tex. 1937)......................................................................... 32

*Malouf v. State ex rel. Ellis*, 2024 Tex. LEXIS 503, *13, 67 Tex. Sup. J. 1164.......... 48

*Malouf v. State ex rel. Ellis*, 2024 Tex. LEXIS 503, *9-10, 67 Tex. Sup. J. 1164 (Tex. June 21, 2024) ....................................................................................... 48

*Malouf v. State ex rel. Ellis*, 694 S.W.3d 712, (Tex. June 21, 2024) ...................... 48

*Patel v. Tex. Dep't of Licensing & Regulation,* 469 S.W.3d 69, 79 (Tex. 2015). 56, 57

*Perez v. Tex. Med. Bd.,* No. 03-14-00644-CV, 2015 Tex. App. LEXIS 12492, 2015 WL 8593555 (Tex. App.—Austin Dec. 10, 2015, pet. denied)................................. 56

statutory challenges of interpretation, enforcement and proper application p .. 55, 57

*Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994) ............................ 57

*Tex. Lottery Comm'n v. First State Bank of DeQueen,* 325 S.W.3d 628, 634-35 (Tex. 2010) ...................................................................................................... 56

*Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 859-60 (Tex. 2002) ...................................................................................................... 56

*Texas Ass'n of Acupuncture & Oriental Med. v. Texas Bd. of Chiropractic Exam'rs*, 524 S.W.3d 734, 736 (Tex. App.—Austin 2017, no pet.) .................................. 33

*Texas State Board of Veterinary Medical Examiners v. Jefferson*, No. 03-14-00774-CV, 2016 Tex. App. LEXIS 2002, (Tex. App.—Austin 2016, no pet.) ................... 34

*Whole Woman's Health v. Jackson*, 642 S.W.3d 569, 575 (Tex. 2022)................... 56

**Statutes**

TEX. GOV'T CODE § 81.054 ................................................................................. 45

TEX. GOV'T CODE § 2001.003 (2)(3 ..................................................................... 50

TEX. GOV'T CODE § 2001.054 ............................................................................. 50

TEX. GOV'T CODE § 2001.176 ............................................................................. 53

TEX. OCC. CODE § 201.151 ............................................................................13, 33

TEX. OCC. CODE § 156.005 ................................................................................. 45

TEX. OCC. CODE § 201.101 ................................................................................. 41

TEX. OCC. CODE § 201.353 ................................................................................. 39

TEX. OCC. CODE § 201.353(b) ............................................................................. 41

**TEX. OCC. CODE § 201.354** ................................................................12, 36, 42, 43

TEX. OCC. CODE § 201.354 (g) ............................................................................ 43

TEX. OCC. CODE § 201.507(d) ............................................................................. 44

TEX. OCC. CODE Section 201.501 ....................................................................... 47

Texas Insurance Code § 4003.007 ..................................................................... 45

**Rules**

28 Tex. Admin. Code § 19.810 ........................................................................... 45

## STATEMENT OF THE CASE

This case involves judicial review of a final administrative civil penalty enforcement decision and statutory conflicts and rule conflicts challenges along with Constitutional challenges by a health care provider, Dr. Eric Vanderwerff, D.C, the Doctor. The Texas Department of Insurance-Division of Workers' Compensation (DWC), the DWC Commissioner brought pursued enforcement and penalty actions against the Doctor through the State Office of Administrative Hearings (SOAH), and the DWC after dropping one previously filed penalty action began pursuit of another penalty action over an issue of chiropractic license renewal, a matter within the exclusive jurisdiction of the Texas Board of Chiropractic Examiners, the TBCE. The SOAH administrative decision adopted by the DWC Commissioner was issued adverse to the Doctor.

The Doctor brought a declaratory and injunctive lawsuit challenging the authority of the DWC and DWC Commissioner for overstepping Legislative authority in pursuing licensure and licensure based penalties when only the TBCE has such authority. The Doctor also challenged the final agency decision against him to show administrative remedies had been exhausted.

The Doctor raised and sought judicial review of the final DWC decision and brought conflicting statutory challenges and rule challenges along with statutory interpretation and declaratory challenges against the DWC and the DWC Commissioner in his official capacity for proper declarations and enforcement of the laws to be applied in this matter and to his claim. CR 4-6. The original suit was filed in the 455th District Court of Travis County in Cause No. D-1-GN-23-004200, with the Honorable Karin Crump assigned as the Presiding Judge under Travis County local rules for agency appeals. CR 18.

After a single administrative agency decision review hearing, the Honorable Judge Karin Crump signed a final judgment based upon "substantial evidence" review upholding the final DWC decision and rejecting all other relief sought by the Doctor. CR 173-174. The Doctor filed a motion for new trial which was not granted, and the proceeded with this appeal.

## ISSUES PRESENTED

**<u>Issue No. 1:</u>**

Whether the jurisdiction and regulation over chiropractic licenses is exclusively with the Texas Board of Chiropractic Examiners, TBCE, and not the DWC or the DWC Commissioner, who have acted without any jurisdiction and exceeded their statutory authority in pursuing and enforcing professional licensure matters against the Doctor?

**Issue No. 2**

Whether chiropractic renewal of chiropractic licenses for the two year term is allowed for up to one year of the two year period, and the Legislature only requires a higher renewal fee for the two-year period if the license is renewed within the first year of the two year period. Tex. Occ. Code § 201.354. The TBCE does not have any discretion for additional fees or enforcement if chiropractor meets renewal requirements within the first year of the two year license periods.

**Issue No. 3 (Incorporating Issues No. 1 and 2 by reference)**

Whether the District Court erred in granting a final summary judgment based upon "substantial evidence" without allowing the declaratory relief, ultra vires actions, and other relief sought by the Doctor to proceed against the DWC & the DWC Commissioner in acting in an arbitrary and capricious mannder in selectively singling out the Doctor for workers' compensation state agency punishment well beyond any regulatory authority of the agency and with no showing of any like or comparable actions against a single other health care provider or licensed professional?

# No. 15-25-00026-CV

IN THE FIFTEENTH COURT OF APPEALS

AUSTIN, TEXAS

---

**Dr. Eric Vanderwerff, D.C., Appellant**

**v.**

**Texas Department of Insurance - Division of Workers' Compensation, DWC, and DWC Commissioner Jeff Nelson in his Official Capacity, Appellee**

---

**On appeal from the 455th District Cout of Travis County in Case No. D-1-GN-23-004200 the Honorable Karin Crump Presiding District Judge**

---

## APPELLANT'S BRIEF

---

TO THE HONORABLE JUSTICES OF THE FIFTEENTH COURT OF APPEALS:

When a state agency and state agency head act without jurisdiction, the Courts must put a stop to such especially with penalty allegations attempting to punish individual rights with a clear overreaching beyond the limits of the laws adopted by the Legislature.

## I.   SUMMARY OF ARGUMENT

State agencies have limited authority, and the DWC and DWC Commissioner have no professional licensing authority including over chiropractors.   When an agency selectively targets and aggressively pursues an independent health care provider who stands up for the rights of his injured patients, this great State of Texas has a weaponization of problem selectively and unlawfully attacking a Texas

chiropractor that needs to be stopped.    Even if the DWC had any licensing authority, the Doctor complied with the express law allowing him to meet all statutory requirements within the first year of a two year license period, and the paid the proper agency in full for the entire two year period.

Dr. Eric Vanderwerff, D.C., the Appellant and Plaintiff  below, brought this lawsuit challenging a chiropractic licensure action brought administratively by the Texas Department of Insurance-Division of Workers' Compensation, DWC and Defendant herein, and the DWC Commissioner Jeff Nelson, in his official capacity, with no action or allegations brought by the agency with exclusive licensure authority over chiropractors in Texas, the Texas Board of Chiropractic Examiners, TBCE.   The simple reason the TBCE pursued no action is because the Legislature only provided for a late fee if a chiropractor takes up to one year to renew an expired license.

All references to the Texas Department of Insurance-Division of Workers' Compensation, the DWC, and the DWC Commissioner, the Appellees and the State Defendants below, DWC, and DWC Commissioner are used to mean all Defendants below and DWC is used to refer to both unless otherwise specified.

2

**First, agency jurisdiction over chiropractic licenses is exclusively with the Texas Board of Chiropractic Examiners, TBCE, and not the DWC or the DWC Commissioner, who have exceeded their statutory authority. Second, chiropractic licenses are allowed to be renewed for the two year term late without any discretion from the TBCE for up to one year,** and the Legislature only requires a higher renewal fee for the two-year period if the license is renewed within the first year of the two year period. Tex. Occ. Code § 201.354. Third, this administrative action originally brought by the DWC & the DWC Commissioner is arbitrary and capricious in selectively singling out the Doctor for state agency punishment well beyond any regulatory authority of the agency and with no showing of any like or comparable actions against a single other health care provider. The DWC enforcement action alleged a late renewed license would result in harm to patients of the Doctor, yet not one bit of evidence showed any harm to a single patient.

The Legislature only mandated a higher renewal fee but no administrative penalty or statutory requirement for a chiropractor to cease practice during license renewal in the first year of the next two year period of a chiropractic license.

Not a single bit of evidence showed any harm to any patient of Dr. Vanderwerff, D.C., in this matter. The DWC and the DWC Commissioner continued a vendetta against the Doctor, a health care provider and an independent "treating doctor" of injured workers, who has been vocal for the rights of injured workers and the lack of a small health care provider not being paid timely and properly the limited benefits allowed under the Texas Workers' Compensation Act.

The Texas Board of Chiropractic Examiners, TBCE, has the sole regulatory authority over chiropractors and licensure issues. TEX. OCC. CODE § 201.151. When an agency is given the sole authority by the Legislature to make an initial determination in a dispute, the agency has exclusive jurisdiction over the dispute, and exhaustion of administrative remedies is required. *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013); *Cash Am. Int'l Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000). The silence of the agency with exclusive jurisdiction over chiropractor licensing continues to be deafening.

The DWC Appellees, Defendants below, do not have license authority over doctors, nurses, or any health care providers and not even over workers' compensation insurance adjusters, which are under the exclusive jurisdiction of the

Texas Department of Insurance. See Texas Insurance Code Chapter 4101. Just like the Texas Medical Board has exclusive jurisdiction over licensure actions and discipline of physicians, such also encompasses a due process right with proper notice and an opportunity to be heard. *Texas Medical Board v. Wiseman,* No. 03-13-00210-CV & No. 03-13-00291-CV, 2015 Tex. App. LEXIS 902, 2015 WL 410330, at *3 (Tex. App.—Austin Jan. 30, 2015, pet. denied). In Wiseman, the Third Court recognized that TMB has exclusive jurisdiction over licensure matters for physicians. The DWC Defendants below can point to no licensure authority over chiropractors, doctors, attorneys or even insurance adjusters. The *Wiseman* court also recognized the property right in a medical license explaining:

> constitutionally protected property right in his medical license and is entitled to due process. A professional license such as the one in question here is a property right, but is one that is statutorily created and subject to the State's "power to impose conditions upon the granting or revocation of the license for the protection of society."

*Wiseman* citing to *Scally v. Texas St. Bd. of Med. Exam'rs,* 351 S.W.3d 434, 446 (Tex. App.—Austin 2011, pet. denied). Dr. Vanderwerff clearly has a constitutionally protected right in his chiropractic license, which all the Legislative statutes place both the authority and regulation in the TBCE not the DWC Defendants.

**Entire Two Year Period Paid For and Accepted by TBCE as the Law Requires to**

5

**Protect the Doctor's Property Right in the License.**

The TBCE accepted, as the Legislature required the full fees for the entire two year period, which not even the TBCE could complain that the renewal period was only for a portion of the period by accepting payment for the entire two year period. This two year period is what a property right would cover without any proration from June 21, 2021 forward but for the entire two year period beginning October 1, 2020 through September 30, 2022.

TBCE has taken no action against Dr. Vanderwerff in over four years since this overstepping of DWC has emerged and TBCE accepted the late fee within the year for the full two year renewal period of the doctor's license. TBCE cannot take any action because Dr. Vanderwerff was within the grace period for two year license renewal did everything he needed to do including paying a higher "renewal fee" (not a penalty) within the year allowed. TBCE accepted the payment, as the law requires, and renewed his two year license covering the full two year term with no proration. The TBCE has made no attempt to assert the Doctor was unlicensed for any portion of the two year period because the Legislature does not allow it, and this is a proper reading of the statute, which clearly is set up to protect Constitutional rights.

DWC and the DWC Commissioner, after dropping the "free speech" allegations in a separate SOAH enforcement proceeding, created a purely advisory and erroneous chiropractic licensure issue against the Doctor. The DWC and DWC Commissioner have no professional licensure authority or regulation just like it has no authority over the licensure of attorneys, medical doctors, or even insurance adjusters.

This Court is asked to reverse the judgment of the District Court and render a decision that the DWC and DWC Commissioner had no jurisdiction over licensing matters of chiropractors. This Court is further asked to render a decision that chiropractors may renew a two year license within the first year by only paying the additional fee and meeting any other statutory requirements with no additional penalties allowed by law. This Court is asked to remand the matter to let all claims by the Doctor proceed and for the possible award damages and of attorney fees under the declaratory judgment sought.

## II.     STATEMENT OF FACTS

The Appellant apologizes for mixing in some legal argument with the facts, but such is done for brevity and ease of understanding.     After Dr. Vanderwerff pursued with some strong language the limited workers compensation income and medical benefits for his patients along with his small clinic, the DWC enforcement section initiated enforcement actions in what will be referred to as "free speech" matters.     The DWC ultimately, after initiating and pursuing the "free speech" enforcement actions before SOAH dropped with prejudice those complaints.

While the "free speech" matter was pending before SOAH, the DWC became aware that Dr. Vanderwerff's two year chiropractic license was "expired" On October 1, 2020, Dr. Vanderwerff's license expired and remains expired as of December 18, 2020. DWC Emergency Cease and Desist Order issued on December 21, 2020 and sent by email to the Doctor's attorney the above "free speech" proceeding.  Ex. 26, Sealed Record (SR) at 4 Administrative Record (AR) p 1195.

With no prior contact to the Doctor, the DWC Commissioner issued its "emergency cease and desist order" over the chiropratic license not having been renewed yet and accusing the Doctor of, DWC Ex. 26, Sealed Administrative Record, SR at 4 AR 1195:

violated TEX. LAB. CODE §§ 401.011(22), 415.003(5), (6), 408.023, and 28

TEX. ADMIN. CODE §§ 42.20 and 129.5 when he provided health care services to injured employees in the Texas Workers' Compensation system with an expired license.

The DWC, issued this order on the stated legal and factual basis, DWC Ex. 26, Sealed

Administrative Record, pdf 1024:

Under TEX. LAB. CODE § 415.0211 and 28 TEX. ADMIN. CODE § 180.10, the commissioner of workers' compensation may issue an emergency cease and desist order if the commissioner believes that a person DWC regulates is engaging in conduct violating a law, rule, or order, and the commissioner believes that the alleged conduct will result in harm to the health, safety, or welfare of another person.

The DWC then pursued enforcement of the emergency order and that the Doctor not renewing his license until June 21, 2021, during the first year of the two year license period, did not allow the Doctor to practice chiropractic care from October 1, 2020, until notifying the DWC in July 2021 that his license was renewed. The DWC's Deputy Commissioner for Health and Safety, Mary Landrum "acknowledged that the quality of Dr. Vanderwerff's care was not at issue, only the fact that he was unlicensed at the time he provided it. She also testified that the fact that Dr. Vanderwerff was unlicensed could create problems in the workers' compensation system, although no identified harm resulted here. CR 140, DWC Commissioner Final Order Adopted SOAH Proposal for Decision, CR 137.

The SOAH judge stated and was adopted by the DWC Commissioner as to the Doctor, CR 152 (emphasis added),

> Although he received an economic benefit from his unlicensed work, the quality ofthe health care he provided was not in dispute: **there was no evidence that his work was deficient or harmed injured workers. And there was no harm done to the workers' compensation system either: no legal disputes arose, and no workers' benefits were affected.**

The Doctor consistently challenged that he was not unlicensed, and that was and is the only asserted basis for the penalties and enforcement action by the DWC in this matter.

The final order of SOAH penalties was based on the license matter and the violation of the cease and desist order on the license issue as adopted by the DWC Commissioner, CR 153:

> After considering the evidence on the penalty factors and particularly the lack of resulting harm, the ALJ recommends a $10,000 administrative penalty be assessed against Dr. Vanderwerff for continuing to work as a doctor in the workers' compensation system while his chiropractor license was expired. In addition, the ALJ recommends a $1,000 penalty for each time Dr. Vanderwerff violated the cease and desist order, resulting in a $12,000 total penalty.

The Doctor brought this lawsuit challenging the ultra vires actions of the DWC and DWC Commissioner and for declaratory judgment interpretation of a statutes as well as judicial review of administrative enforcement proceedings of the

10

DWC and the DWC Commissioner following a SOAH enforcement action concerning the licensure of a chiropractic doctor upfront identying the core issues, CR 4:

### III.    THRESHOLD LEGAL ISSUES

1. Jurisdiction over chiropractic licenses is exclusively with the Texas Board of Chiropractic Examiners, TBCE, and not the DWC or the DWC Commissioner.

2. Chiropractic licenses are allowed to be renewed for the two year term late without any discretion from the TBCE for up to one year, and the Legislature only requires a higher renewal fee for the two-year period if the license is renewed within the first year of the two year period. TEX. OCC. CODE § 201.354

The Doctor plead that: "TheTBCE issued a full two year license and payment was made for every month of the two year period, and the TBCE renewed his license and has continued to renew his license."  CR 4.  There is not dispute that the Doctor's license was renewed within the first year of his two year license period and that no proration of the payment was made.

The District Court has only held one hearing on the administrative enforcement proceedings and not allow the declaratory judgment challenges and the ultra vires challenges to the interpretation of statutes and ultra vires actions of the DWC and the DWC Commissioner to proceed. This Court entered a final judgment on December 19, 2024, and the Doctor filed a motion for new trial which was not granted challenging  final judgment both in substance and as being premature to addressing the declaratory relief sought. CR 173-174, CR 175.

Appellant and Plaintiff, the Doctor, is Dr. Eric Vanderwerff, D.C., a licensed health care practitioner in the State of Texas and acts as health care provider treating doctor under the Texas Workers' Compensation Act who at times treats injured workers in the Texas workers' compensation system.  The Doctor's license is authorized by and regulated by the Texas Board of Chiropractic Examiners, the TBCE.

State Appellees and Defendants, DWC Defendants, are the Texas Department of Insurance, Division of Workers' Compensation, DWC, and Commissioner Jeff Nelson, which are necessary parties because of the statutory conflict challenges and agency rule challenges in conflict with statutes, and the invalid and ultra vires acts of the agency and the agency officials' application of the Workers' Compensation Act (the Texas WC Act) is challenged as improper and

12

without jurisdiction over chiropractic license issues in Texas. The Texas Department of Insurance – Division of Workers' Compensation, DWC, a governmental unit organized and existing under the law of the State of Texas, and the DWC Commissioner may be served with process by serving its administrative head Jeff Nelson, in his official capacity as the Commissioner of the Division of Workers' Compensation.  CR 4-6, Plaintiff's Original Petition and Suit for Declaratory Judgment.

The DWC and DWC Commissioner have pursued enforcement actions against Plaintiff over chiropractic license issues in State Office of Administrative Hearings, SOAH, Docket No. 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.C1 &  TDI-DWC File No. 26578 & DWC Commissioner Order No. 2023-8039.  After exhausting administrative remedies, the Doctor challenged all of these proceedings as being in error and beyond the authority of the State Defendants.

To date over three years after DWC and the DWC Commissioner began pursuing chiropractic license enforcement actions against Plaintiff, no disciplinary or other action has been initiated by the TBCE and no notices have been sent by the TBCE to Plaintiff concerning his 2020-2022 renewed licensure as of this filing, and he is currently renewed again for 2022-2024 licensure period.

Plaintiff successfully renewed his two-year TBCE license with the full two-

year period payment and additional fee paid by June 25, 2021, within one year of October 1, 2020, the beginning date of the two year licensure renewal period.

Here, Dr. Vanderwerff paid for renewal of his license with the TBCE for the entire two year period at issue with most of the payment being prospective and no proration was done by the TBCE and payment was made for every month of the two year period, and the TBCE renewed his license and has continued to renew his license.

The TBCE renewed the Doctor's license on June 25, 2021 for the full two year period from 2020 thru 2022, and the TBCE fulfilled its non-discretionary duty to "renew" the license for the two-year term and accepted payment for the full two year license period. Further, the TBCE has accepted payment for the 2022 thru 2024 full two year license period for Doctor.

After filing a motion for summary disposition and response to the DWC's motion in SOAH Docket No. 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.C1, the DWC agreed to an Agreed Dismissal Notice with filed on Prejudice July 13, 2021.  See SOAH DOCKET NO. 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.C1, MSD attached and Agreed Dismissal Notice with Prejudice July 13, 2021.  SR AR4, 1347-1365, Doctor's Motion for Summary Disposition, and SR 4 AR 1344-1336, DWC's Notice of Agreed Dismissal with Prejudice; and Doctor's

testimony SR 4 AR 1739-1741 (discussing ongoing free speech SOAH proceeding and when he became aware of the cease and desist order became aware). This was after Plaintiff's MSD showed that the DWC was unlawfully attempting to apply a statute against a treating doctor that was only intended to be applied against insurance carriers and their agents in claims handling matters and that Plaintiff had asserted his constitutional free speech rights in advocating for his patient's care. SR AR4, 1347-1365See Ex. D Respondent MSD in the SOAH record.

During the pendency of SOAH Docket No. 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.C1, the DWC discovered at some point the Doctor had not yet completed his licensure renewal requirements for the October 1, 2020 to 2022 two year licensure period and without communication with the Doctor or warning to Doctor prior to the issued "emergency" Cease and Desist Order against Plaintiff on December 22, 2020, by emailing counsel for the Doctor in pending SOAH No. 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.C1, and this cease and desist order was solely based upon the Plaintiff's license being "expired" still well within the one-year allowed to renew the license with the TBCE without discretion.

The DWC Cease and Desist Order stated: "Pursuant to 22 TEX. ADMIN. CODE

§ 72.14, Dr. Vanderwerff is subject to disciplinary action by the Texas Board of Chiropractic Examiners because he provided health care services with an expired license." SR 4 AR 2813. **Why is the DWC citing to a TBCE Rule and then trying to take action on a license issued by and regulated by the TBCE? In fact, the DWC issued its unlawful order stating that the Doctor "cease and desist" from, SR A4 2814:**

> Providing health care services in the Texas workers' compensation system, including
> serving as a treating doctor, until he notifies DWC that the Texas Board of Chiropractic
> Examiners has allowed him to practice chiropractic medicine.

The TBCE has not been shown to take any action against the Doctor's license and never prohibited the Doctor from practicing chiropractic medicine during the periods in dispute up through the present. The TBCE never even initiated any kind of licensing proceeding as allowed under the Texas Administrative Procedure Act licensing provisions. The whole fallacy of the DWC's cease and desist order is based on an *ultra vires* reach into the TBCE licensing authority and worse in complete erroneous expansion of the Legislature's one year period to renew a two year license with only an additional fee.

To date over four years later, no disciplinary action has been initiated by the TBCE and no notices have been sent by the TBCE to Plaintiff concerning his 2020-2022 licensure as of this filing.

The Doctor testified how he had attempted to renew his license in September 2020, during the first Covid-19 year and the following months, but the online system was not working and when working would not accept his payment. The Doctor was informed by TBCE he needed to complete educational requirements before the online payment system of the State of Texas used by the TBCE would accept his payment for his two-year license renewal. At no time did the TBCE tell the Doctor he could not continue to care for patients in Texas. SR 4 AR, Doctor's testimony 1751-1752, 1754.

Within the one year allowed by TBCE rules from October 1, 2020, Plaintiff completed the required educational requirements for a two-year license. Plaintiff understood TBCE laws and rules to allow him to continue practicing for up to a year while he did successfully complete the education requirements for the two-year license renewal and pay the statutory renewal fee albeit with an additional late fee. The final agency decision included a correct conclusion of law:

**A person whose license has been expired for less than one year may renew the license by paying the Board an increased renewal fee.** Tex. Occ. Code § 201.354(d).

An increased fee is all this is required, and the Doctor successfully renewed his two-year TBCE license with the full two-year payment and late fee paid by June 25, 2021, within one year of October 1, 2020, and TBCE accepted his payment for the entire two year period without proration or even attempted proration.

The DWC & the DWC Commissioner acting arbitrarily and capriciously and without any licensing jurisdiction and without factual basis, erroneously asserts in its cease and desist order that the Doctor f cease providing health care in the Texas workers' compensation system "until notice to DWC that the TBCE authorized him to practice chiropractic medicine." (DWC PMSD p.5 No. 14). The license of the Doctor authorizes him to practice medicine and is publicly available to see when he is licensed. The TBCE has never told the Doctor that he had to cease practice during this period, and the TBCE never told the DWC that the Doctor could not practice. Nowhere has the TBCE or the TBCE laws and rules prohibited Plaintiff from practicing chiropractic medicine for any period as of the date of this filing.

1.    The Doctor asserted and continues to assert that under the law and TBCE

18

rules he was authorized to practice, and his full two-year license term license was successfully renewed during the first year of his two-year license in compliance with the express statutory terms as allowed by the Texas Legislature with payment covering the entire two years.

### III.    LEGAL ARGUMENT & AUTHORITIES

**Issue No. 1:**

**Whether the jurisdiction and regulation over chiropractic licenses is exclusively with the Texas Board of Chiropractic Examiners, TBCE, and not the DWC or the DWC Commissioner, who have acted without any jurisdiction and exceeded their statutory authority in pursuing and enforcing professional licensure matters against the Doctor?**

**EXCLUSIVE JURISDICTION OF THE TBCE TO REGULATE CHIROPRACTORS**

**The "Grace Period" or the Statutory Period for Complete Two Year License Renewal**

A chiropractor, just like many licensed professions in Texas, is provided a grace period by the Legislature to be able to renew a license with merely paying a higher renewal fee for up to one year during the two year license renewal period, and up to three years is allowed to renew if "good cause" is shown to the TBCE, which is not applicable here.   TBCE has exclusive authority over licensing and disciplinary action over chiropractors licensing matters.  SOAH even has recognized

the "grace period" allowed in a similar two year license with a one year grace period:

> Respondent's one-year **grace period** does not expire until sometime mid-summer 2008, and he is entitled to renew his registration until then.

*Emphasis added.* See *TxDPS-Private Security Bd. v. Swain*, SOAH Docket No. 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 2008, decided March 24, 2008, TX SOAH LEXIS 163. SOAH refused to allow even the designated regulatory agency to assess penalties and enforced the one year grace period for private investigators:

> In 2007 and at to the present date, Plaintiff was entitled to be treated like any other registrant whose registration is due to be renewed and to have Staff sent him timely notice of the need to renew the registration. . . . .

> [Conclusion of Law] 13. Plaintiff is entitled to be treated like any other registrant whose registration is due to be renewed and have his registration renewed upon payment of a late fee. Act §§ 1702.301 and 1702.307.

For private investigators a one year grace period is allowed to renew a license with payment of a late fee. *See* TEX. OCCUP. CODE § 1702.302.

## VOID actions by DWC & No Licensing Actions by TBCE, The Exclusive Regulatory Agency of Chiropractic Treatment

When this matter first arose, not with a phone call or an inquiry, but the DWC taking on the Texas Board of Chiropractic Examiners role in issuing a cease and desist order, which should be considered void as beyond DWC's legal authority,

based on chiropractic licensing on December 21, 2020, asserting, SR 4 AR 2813, DWC Ex. 26:

> 10. Pursuant to 22 TEX. ADMIN. CODE § 72.14, Dr. Vanderwerff is subject to disciplinary action by the Texas Board of Chiropractic Examiners because he provided health care services with an expired license.

DWC admits and acknowledged that TBCE is the regulatory authority yet issues a completely void and advisory order beyond its jurisdiction.

DWC Deputy Commissioner Landrum admitted during the administrative hearing record in not directly answering the question that DWC does not issue licenses to "any health care professional", CR 4 AR 1704 ll 20-25:

> Q: You agree with me, Ms. Landrum, that the Division doesn't have any authority to license or unlicense chiropractors in the state of·Texas.··Correct?
>
> A: The Division does not issue licenses to any licensed health care professional.

The silence from TBCE and utter lack of any "disciplinary action" by TBCE is overwhelming evidence against DWC's attempt to stand in the TBCE's licensing authority and jurisdictional shoes. DWC's own witness at SOAH, a TBCE staff employee, confirmed she knew of no disciplinary actions taken against Dr.

21

Vanderwerff at the time of the hearing over two years after the DWC's allegations.

The Third Court previously declared an amended agency order void and explained:

> Subject-matter jurisdiction, which is essential to the authority of a court to decide a case, is never presumed and cannot be waived. Moreover, not only may an issue of subject-matter jurisdiction be raised for the first time on appeal by the parties or by the court, "a court is obliged to ascertain that subject-matter jurisdiction exists regardless of whether the parties have questioned it."

*Dass v. Tex. Bd. of Prof'l Eng'rs*, 517 S.W.3d 252, 256-57 (Tex. App.—Austin 2017, no pet.). The DWC & DWC Commissioner never had any chiropractic licensure jurisdiction, and the orders and pursuit of this entire matter is over the erroneous and ultra vires expansion of the limited additional fee the Legislature placed upon chiropractors who renew their two year licenses within the first year of the two year period.

The DWC and DWC Commissioner have no jurisdiction over professional licensure matters much less to pursue penalties based upon alleged licensure deficiencies. If no jurisdiction exists then the DWC licensure cease and desist order is void, attempts to enforce the emergency licensure order are void, and the DWC's subsequent pursuit of licensure penalties are void. The Texas Supreme Court explained with general agency jurisdiction: "if the Commission did not have

jurisdiction to try such issue, the courts obtained none by appeal." *Magnolia Petroleum Co. v. New Process Prod. Co.,* 129 Tex. 617, 104 S.W.2d 1106, 1110-11 (Tex. 1937). Here, jurisdiction never existed with the DWC and DWC Commissioner.

This is because the Legislature only provided for a double license renewal fee for up to one year if any chiropractor was late in renewing the license beyond the 30 days prior to the two year anniversary. This is like a late fee on a rental unit—you are not evicted if you comply with the contract terms. This is consistent with similar and analogous provisions for many other licensed professions such as lawyers, doctors, nurses, engineers because being late on a license payment does not substantively affect one's ability to perform in their profession.

**TBCE has Exclusive Agency Jurisdiction over Chiropractor Licenses.**

If the Chiropractic Chapter is violated or any TBCE rules, the Legislature expressly only allowed the TBCE to take action: "On a determination that a person has violated this chapter or a rule adopted by the board under this chapter, the board:(1) shall revoke or suspend the person's license, place on probation a person whose license has been suspended, or reprimand a license holder; or (2) may impose an administrative penalty." TEX. OCC. CODE § Sec. 201.501. Only the TBCE

is authorized by law "to administer the purposes of and enforce this chapter." ."

Tex. Occ. Code § 201.151. Yet, the DWC takes it upon itself erroneously to assert the purposes of the chiropractic chapter, licensing interpretation, and enforcement expressly provided to the TBCE by the Legislature. The Third Court of Appeals explained in looking at attempted acupuncture rules promulgated by the TBCE for chiropractors:

> The Chiropractic Act defines the permissible scope of chiropractic practice, imposes education and licensing requirements, and **delegates regulatory authority to the Chiropractic Board.**

*Texas Ass'n of Acupuncture & Oriental Med. v. Texas Bd. of Chiropractic Exam'rs,* 524 S.W.3d 734, 736 (Tex. App.—Austin 2017, no pet.). The Third Court of Appeals explained in rejecting the TBCE attempt to regulate acupuncture that, *id.* at 742:

> Consequently, we cannot conclude that **the Legislature necessarily intended for the respective regulatory authorities over these two, separate health-care fields** to apply the same meaning to the term "incisive," and accordingly, we will not construe the Chiropractic Act as if it includes the Acupuncture Act's definition of "acupuncture."

Just like the TBCE attempted to regulate acupuncture was overstepping, this action brought by DWC clearly overreaches its jurisdiction and creates an impermissible advisory opinion.

Even the TBCE could not try to interpret the statute to give power to penalize a chiropractor who renews a license within the first year of the two year renewal period   The Third Court struck down an agency's own rule that *Texas State Board of Veterinary Medical Examiners v. Jefferson*, No. 03-14-00774-CV, 2016 Tex. App. LEXIS 2002, (Tex. App.—Austin 2016, no pet.) (mem. op) .   In *Jefferson*, the Court explained:

> It is s also a clear expression of the Legislature's intent that when certain conditions exist, i.e., when the conduct at issue is the treatment or care of an animal by its owner, by an employee of the owner, or by a person designated by the owner as the animal's caretaker, the Board has no power to regulate that conduct unless it establishes that there is an intent to violate the Veterinary Licensing Act.

Agencies have specific authority granted by the Legislature, and they cannot exceed their statutory authority by rule or by individual selective prosecution as here against a vocal advocate much less try to interpret the clear expression of the Legislature.   This is especially true, where the Legislature has given all licensing authority to another agency—without even reaching the argument that Dr. Vanderwerff fully complied with the licensing requirements expressly prescribed by the Legislature by paying an additional fee not even referred to as a penalty by the Legislature.

**Absolutely No Evidence of Imminent or Any Harm to the Public Health, Safety,**

**and/or Welfare**     DWC also alleged, even though no evidence was presented to

support that Dr. Vanderwerff practiced medicine in an acceptable manner

consistent with public health, safety, and welfare:

> Dr. Vanderwerff violated Tex. Lab. Code § 408.0231(c)(5) by not following DWC's
> rules and not practicing medicine in an acceptable manner consistent with public
> health, safety, and welfare.

In No. 11., the DWC asserted that without the cease and desist order that "his

conduct will result in harm to the health, safety, or welfare of another person.

In fact the two for Defendant's witnesses confirming no evidence of any practice of

treating patients or the more limited subset of injured workers of any treatment

that harmed the public health, safety, and/or welfare.

has been after Dr. Vanderwerff, D.C., for some time because of his vocal and

outspoken attempts to protect rights of his patients in Texas many of whom are

injured workers.

**The Continued Unlawful "Enforcement" of a Void and Unlawful Cease and Desist**

**Order**

Part of this dispute, concerns the continued enforcement and penalties sought over an unlawful void cease and desist order issued under a wholly unproven basis of harm to the health, safety, or welfare of another person with no evidence of harm produced before or after the order:

> Sec. 415.0211. EMERGENCY CEASE AND DESIST ORDER. (a) The commissioner ex parte may issue an emergency cease and desist order if:
> (1) the commissioner believes a person regulated by the division under this title is engaging in conduct violating a law, rule, or order; and
> (2) the commissioner believes that the alleged conduct under Subdivision (1) will result in harm to the health, safety, or welfare of another person.

IV. **The Legislature only Allowed a Higher "Renewal Fee" Not even classified as a Penalty for License Renewal, and No Penalty Evidence was Presented by DWC**

The Legislature mandated only a late **renewal** fee for up to one year for chiropractors who miss the deadline for whatever reason. TEX. OCC. CODE § 201.354. And once a receipt is obtained for that year, then a chiropractor is not practicing without a license (see subsection 201.0354(f)), and Dr. Vanderwerff confirmed that he did get his receipt during the first year of the two year term. No proration was made and full two year payment was accepted by the TBCE.

**No Penalty Evidence Presented Before SOAH**

As a matter of even substantial evidenced review, finally, absolutely no "penalty" amount evidence was presented by DWC with both witnesses a TBCE staff employee of any attempt to justify a penalty pursuant to the statutory provisions under Tex. Lab. Code § 415.021. The Legislature only allowed for an additional fee to be paid for up to one year, and clearly this is the only "penalty," which is not even called such by the Legislature, that a chiropractor may face. The DWC's legal counsel at the administrative hearing legally argued that a "$128,314.89 is appropriate," with no penalty amount evidence. CR 4. AR p 1577. The Legislature years earlier stated only an additional fee is required and allowed during for renewal of a the license during the first year of the two year period.

In fact as mentioned above, this matter arose from another frivolous attempt by the DWC to use an inapplicable statute to try to shut up and shut down Dr. Vanderwerff. See Ex. D SOAH DOCKET NO. 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.C1, MSD attached and Agreed Dismissal Notice with Prejudice July 13, 2021. During the Covid-19 pandemic and this prior SOAH matter, DWC learned and did not call or notify Plaintiff, but instead issued a cease and desist order against Plaintiff that his license

had not yet been renewed for the new two year term from October 2020 to October 2022.

**Chiropractors Regulation fall under the TBCE and Chapter 201 of the Texas Occupations Code.**

The Texas Occupations Code Chapter 201 regulates chiropractors in Texas and the TBCE is given the sole authority to license chiropractors subject to the Legislature's statutes. The TBCE has exclusive jurisdiction over chiropractic licensure in Texas as allowed by the Legislature. The DWC appeared to concede such in its unlawful cease and desist order citing to a TBCE Rule but providing no evidence of any TBCE action against the Doctor.

SOAH has previously addressed and rejected attempts by the DWC to overstep its authority and meddle in the scope of practice of chiropractors, SOAH 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-m5, June 17, 2005:

> In promulgating this rule, the Commission announced it would defer to a HCP's regulatory board in determining what constitutes appropriate practice rather than formulating its own practice definitions. In administering this rule, the Commission acted in a manner consistent with that policy by following the TBCE's guidance documents in approving the payment.

TBCE has taken no action against Dr. Vanderwerff as of this filing and has in fact as acknowledged by DWC Defendant renewed the license for this two year term and accepted his payment for the full two years with no proration along with his continuing education completed within the one year of his two-year license renewal period.

**Issue No. 2**

Whether chiropractic renewal of chiropractic licenses for the two year term is allowed for up to one year of the two year period, and the Legislature only requires a higher renewal fee for the two-year period if the license is renewed within the first year of the two year period. Tex. Occ. Code § 201.354? The TBCE does not have any discretion for additional fees or enforcement if chiropractor meets renewal requirements within the first year of the two year license periods.

**THE CHIROPRACTIC PRACTICE STATUTE ALLOWS CHIROPRACTORS TO RENEW THE TWO YEAR TERM LICENSES WITHIN THE FIRST ONE YEAR WITH NO DISCRETION TO REJECT ONCE FEES AND EDUCATION REQUIREMENTS ARE MET**

A chiropractic license is valid for (a) A license under this chapter "is valid for a term of two or more years as determined by board rule." TEX. OCC. CODE § 201.353. Only for a year which the license expiration date is changed is a license fee "prorated on a monthly basis so that each license holder pays only the portion of the fee that is allocable to the number of months during which the license is valid."

30

*Id.* Subsection (b). No proration is asserted in this case, and TBCE accepted the payment to cover the full two years of the license renewal as testified by Dr. Vanderwerff and the TBCE staff member. If the license is somehow only if effect going forward, then the statute would have had a proration provision like it does in other instances. The TBCE, and the Legislature would not allow, an acceptance of payment to cover the full two years if the License were not legally valid for the full two years of the payment period.

A chiropractic license expires now every two years. TEX. OCC. CODE § 201.353. Section 201.353, noteworthy, prorates the two year license fee if a license period is shortened, and a licensee "pays only the portion of the fee that is allocable to the number of months during which the license is valid" if the period is shortened. Here, Dr. Vanderwerff paid for the entire two year period with most of the payment being prospective and no proration was attempted or enforced, and payment was made for every month of the two year period. This is a constitutional property right with payment made and accepted should not be allowed to be diminished in any way for the entire two year period.

Under 201.353(b), the Legislature, if a license is expired expressly provided for proration (emphasis added): "For a year in which the license expiration date is

changed, license fees payable on January 1 shall be prorated on a monthly basis so that **each license holder pays only the portion of the fee that is allocable to the number of months during which the license is valid**." TEX. OCC. CODE § 201.353(b). TBCE accepted the Doctor's payment with the applicable late higher fee but for the full two year period with no proration even asserted. Clearly, the renewal fee paid was for the full two years.

Section 201.101 clarifies that only the TBCE Board, the six members, have policymaking authority and the executive director and staff of the TBCE only have separate management responsibilities. TEX. OCC. CODE § 201.101. The TBCE has taken no action against Plaintiff and has in fact accepted his two year license renewal fees, including the late fees, and accepted his continuing education requirements.

**Chiropractic License Renewal Statute Mandates Late Renewal Allowed Up to One Year with No Discretion of the TBCE**

The Legislature expressly allows express options for renewal of the two year chiropractic license including up to one year without discretion of the TBCE as long as the renewal fee is paid along with any applicable late fees—and no proration of the two year license period is mentioned, see. TEX. OCC. CODE § 201.354 (relevant sections):

> Sec. 201.354. LICENSE RENEWAL.
> (a) A person may renew an unexpired license by paying the required renewal fee to the board before the expiration date of the license.
>
> (b) At least 30 days before the expiration of a person's license, the board shall send written notice of the impending license expiration to the person at the person's last known address according to the board's records.
>
> (c) The renewal fee applies to each person licensed by the board, even if the person is not practicing chiropractic in this state.
>
> (d) A person whose license has been expired for 90 days or less may renew the license by paying to the board a renewal fee that is equal to 1-1/2 times the renewal fee set by the board under Section 201.153(a). If a person's license has been expired for more than 90 days but less than one year, the person may renew the license by paying to the board a renewal fee that is equal to two times the renewal fee set by the board under Section 201.153(a).
>
> (e) Except as provided by Subsection (g) and Section 201.355, a person may not renew a license that has been expired for one year or more. The person may obtain a new license by submitting to reexamination and complying with the requirements and procedures for obtaining an original license.

(f)  A person who practices chiropractic without a renewal receipt for the current year practices chiropractic without a license.

**"Good Cause" or Discretionary Renewal by TBCE Only If MORE Than a Year is Passed.**

Dr. Vanderwerff received a renewal receipt for the current year, which was the first year of the two-year license, and if his license had been expired for more than one year then he would not have been allowed to renew except meeting "good cause"  and the TBCE board's determination within one to three years to renew. Tex. Occ. Code § 201.354 (g).  Dr. Vanderwerff renewed his license under (f) with a timely receipt for the current years of 2020-2021 as he testified, the TBCE staff member admitted, and as evidenced in summary disposition exhibit A. Even under the "good cause" section, the TBCE additional fees are limited.

The meaning of renew has not changed over the years, and it clearly allows for a license or contract to be "revived" or "extended," and long ago a Texas Court of Appeals explained:

> **"Renew" means to make again, to revive, to make over; and "renewal" means that which is made anew, the extension of the particular contract for another period of time.**

*American Surety Co. v. State*, 277 S.W. 790, 793 (Tex. Civ. App. 1st 1925).

Because Dr. Vanderwerff submitted his continuing education requirements within one year of his license renewal date, he was allowed to continue to practice during that time and his license is renewed for the entire two year period. Only if he had not completed the continuing education within the following year would the TBCE Board "deem" his license expired at the beginning of the year.

**Renewal** not Reinstatement. (automatic and nondiscretionary) is the legal and statutory term, and the DWC wrongly refers to "reinstated" or the "reinstatement" of the TBCE license. The only reference in the chiropractic statute to "reinstated" is when the TBCE license may be a "suspended license" will be "reinstated" if timely action is not taken on a TBCE temporary license suspension. Tex. Occ. Code § 201.507(d).

Other agencies clearly show the difference between "renew" and having to get a "new" license. Insurance adjusters are expressly allowed 90 days late to renew their licenses, which the Texas Department of Insurance recognizes as once the late fees and license fee are paid the effective date is the license expiration date. If an adjuster does not fulfill the late requirements within 90 days, the license

"cannot be "renewed," and the person must apply for a "new license."    28 Tex. Admin. Code § 19.810 (TDI Rule 19.810). Texas Insurance Code § 4003.007.

For physicians in Texas, they are allowed to be up to a year late, without discretion on the medical board, by statute to renew their registration of two year licenses, and physicians are also subjected to paying a late fee in addition to the two year fee.  TEX. OCC. CODE § 156.005.   Only after one year, is a physicians' license considered canceled with few exceptions.  Id.

For comparison, attorneys licensed in one year periods, the attorney is able to pay late fees for up to 90 days (extended during Covid-19 first year in 2020) and even up to a year late under the statute. TEX. GOV'T CODE § 81.054 (g) (h).

The "expired" term is also used with attorneys during the period the Legislature allows for license renewal.   Texas Government Code Section 81.054 for textual comparison expressly talks of an attorney's membership being "expired" and stating, emphasis added:

  (f)  A person who is otherwise eligible to renew the person's membership may renew the membership by paying the required membership fees to the state bar on or before the due date.

(g) A person whose membership has been **expired** for 90 days or less may **renew** the membership by paying to the state bar membership fees equal to 1-1/2 times the normally required membership fees.

(h) A person whose membership has been **expired** for more than 90 days but less than one year may **renew** the membership by paying to the state bar membership fees equal to two times the normally required membership fees.

The use of the word "expired" applies to the one year attorney license period that is over, and the Legislature clearly has not barred attorneys from practicing and allows a license to be renewed but with the additional fee.

The DWC's erroneous position on renewal admitted that the Doctor had done all that wa required by June 25, 2021, in the closing argument to SOAH, SR 4 AR 2985:

> DWC is entitled to a finding that Respondent was not authorized to practice as a chiropractor in the Texas workers' compensation system between October 2, 2020, and June 25, 2021, when he finally completed the three requirements to regain his license.

**The DWC presented no evidence of harm of any kind to patients of the Doctor, and clearly based this whole matter on the DWC's erroneous interpretation of licensure matters before the TBCE.**

**TBCE is the Board not Staff Members and Not Even the Executive Director**

The DWC presented testimony of TBCE staff but showed no action by the TBCE on the license of the Doctor either prospectively, concurrently to the DWC

allegations, or retroactively. The TBCE six member board is the only body that can take TBCE action. The Third Court of Appeals made extremely clear that even the then Texas Workers' Compensation Commission, TWCC, executive director was not allowed to engage in actions attempting to waive a rule of the Commissioners, which was at the time governed by six members (like the TBCE is now). *Hospitals & Hosp. Sys. v. Continental Cas. Co.*, 109 S.W.3d 96, 97-98 (Tex. App.—Austin 2003, pet. denied):

> Section 402.004 clarifies that the Commission may take action only by a majority vote of its six members who are appointed to the Commission for six-year terms. *See id.* §§ 402.001-.004 (West 1996).

Likewise, Texas Occupations Code Subchapter K, Section 201.501 et. seq., only allows the "board" of the TBCE do discipline a person accused of violating the chiropractic chapter or TBCE Rules. TEX. OCC. CODE Section 201.501. No TBCE actions have been even pursued against the Doctor in this dispute. Any "testimony" by TBCE staff is not official action by the TBCE.

**With Civil Penalties The Statutes and the Rules Should Be Strictly Construed in Favor of the Doctor**

The Texas Supreme Court has again reemphasized that "penal statutes should be strictly construed" in the recent *Malouf v. State ex rel. Ellis*, 694 S.W.3d 712, (Tex. June 21, 2024)(rejecting broad or ambiguous interpretations). This Court is asked to apply this clear standard to the Legislature's mandates on licenses of chiropractors, and keeping in mind Constitutional issues, the statutes and rules (if they even exist) should be interpreted first and foremost in a Constitutional manner.

Under the recent *Malouf* decision by the Texas Supreme Court and decades of precedent that a penalty statute will not be read to include uncertain or ambiguous terms (emphasis added):

> type of penal statute we must construe strictly. **Thus, the statute must define any conduct giving rise to such penalties "in plain language,"** Duke, 137 S.W. at 665, and the State must show that Malouf engaged in conduct that falls "clearly within the terms of the statute," Agey, 172 S.W.2d at 974. To the extent the Act's requirements are uncertain or ambiguous, we will construe them "in favor of such person and against the enforcement of such law." Mo., Kan. & Tex. Ry., 100 S.W. at 767.

*Malouf v. State ex rel. Ellis*, 694 S.W.3d 712, 2024 Tex. LEXIS 503, *13, 67 Tex. Sup. J. 1164. The DWC and DWC Commissioner have not shown any authority over

licensure matters much less that any chiropractor must cease caring for patients of any kind within the one non-discretionary period under the TBCE authority with which a chiropractor is allowed to renew a license.

**Property Rights, including a Professional License, Should Be Constitutionally Protected.**

The United States Supreme Court determined that a professional license is a property right for the purposes of due process. *Goldberg v. Kelly,* 397 U.S. 254 (1970). This requires a state to provide some level of due process or due course of the law to try and not to deprive a person of a right to practice a profession especially with a late payment of fee or the payment of a license fee within the current license period with any additional fee made for the few months late as the only additional requirement. The Legislature could have said a chiropractor must immediately stop practice on expiration of a license, but such would likely violate due process without sufficient time period and warning and legitimate reason. The laws of the Legislature should be interpreted in a Constitutional manner whenever possible. Again, the license fee was paid fully with additional renewal fees as allowed by law with no penalties allowed.

This TBCE regulates chiropractors and has exclusive authority over their licensure issues. The whole agency licensure process is consistent with the due process for licensure disputes being handled under the Administrative Procedure Act, APA, section 2001.154, by the authorized agency. TEX. GOV'T CODE § 2001.054. See also definitions of license and licensing under TEX. GOV'T CODE § 2001.003 (2)(3). The Texas Occupations Code Chapter 201 regulates chiropractors in Texas and the TBCE is given the sole authority to license chiropractors subject to the Legislature's statutes. The TBCE has exclusive jurisdiction over chiropractic licensure in Texas as allowed by the Legislature.

The APA Chapter 2001 has licensure disputes and procedures for the agencies designated with such authority by the Legislature. In this matter, the TBCE is the only licensure agency with exclusive jurisdiction for chiropractors in Texas.

TBCE's Own Notice by Email did Not Follow the Statute.

DWC continued to assert it is unaware of mitigating factors (general argument at the SOAH hearing) is absurd in that even though the Doctor disagreed with the validity of the DWC's licensure Cease and Desist Order. The

evidence is clear the Doctor even did his best to comply with it for treatment of injured workers including doing multiple change of treating doctor notices to allow care by other providers at the clinic to ensure continuity of care. See the Doctor's Testimony. Further, Plaintiff testified about how Covid-19 pandemic impacted his practice and it certainly impacted the state agencies and clearly TBCE only made email notice attempts even though the statute required written notice to the last know address of a chiropractor. Tex. Occ. Code Section 201.352 requires the "post office address" for a license registration. Section 201.354(b) requires the TBCE Board to " at least 30 days" before license expiration, "the board shall send written notice of the impending license expiration to the person at the person's last known address according to the board's records." Nowhere is an email notice allowed. The TBCE, the licensing agency, attempted during the covid period, but there is no evidence of written notice to the post office address or residence address of Plaintiff—the only two addresses which are referenced in the statute.

The Texas Code Construction Act requires that words shall be read in context and construed with common usage. TEX. GOV'T CODE § 311.011. This applies not only to the renewal sections, but required notice by the TBCE, which

this Court need not reach as it really does not matter, but the TBCE failed to provide proper written notice of license renewal. The Legislature could have allowed electronic or oral or telephonic notice of license renewal but clearly required written notice with a written description. In many other statutes, express "electronic" notice has been allowed, but in many others it has not. For example in workers' compensation policy renewal or cancellation, an insurance carrier is allowed to give "notice of the cancellation or nonrenewal to the division, and by certified mail, in person, or by electronic means." *See* Texas Labor Code Section 406.008 *referencing* Texas Insurance Code Section 35 authorizing electronic transaction methods. Certified mail designated delivery to a specific addressee is not expensive and is trackable and verifiable to the person, and the only evidence here is that the TBCE sent an email.

The bottom-line is that the DWC and DWC Commissioner were without jurisdiction and unquestionably exceeded their statutory authority and clearly have tried to usurp the TBCE authority and also ignore the clear law adopted by the Legislature on license renewal. The chiropractic licensure statute allowed the Doctor one year to renew his license for merely an additional fee, which he

unquestionable did renew and paid the appropriate fee to cover the entire two year period.

**Issue No. 3 (Incorporating Issues No. 1 and 2 by reference)**

Whether the District Court erred in granting a final summary judgment based upon "substantial evidence" without allowing the declaratory relief, ultra vires actions, and challenges to the administrative enforcement actions and other relief sought by the Doctor to proceed against the DWC & the DWC Commissioner in acting in an arbitrary and capricious mannder in selectively singling out the Doctor for workers' compensation state agency punishment well beyond any regulatory authority of the agency and with no showing of any like or comparable actions against a single other health care provider or licensed professional?

Unquestionably, the DWC and DWC Commissioner should continue to bear the burden to prove the facts and the law on how they have any authority to take action on a licensure issue. Plaintiff understands the judicial review nature under Section 2001.176 of the Administrative Procedure Act, APA, which creates a "substantial evidence" review. Tex. Gov't Code § 2001.176. Even under substantial evidence review, the legal questions presented on the undisputed facts are clearly in favor of the Plaintiff. The unlawful harassment of the Plaintiff on a TBCE licensure matter pursued by the DWC is unfounded and harmful time and expense to the Plaintiff as shown by the extensive SOAH record.

If any ambiguity exists in the allegations against the Plaintiff under the law, a treating doctor of chiropractic services, such laws should be strictly construed against the DWC Defendant and in favor of Dr. Vanderwerff.  The burden of proof should be strictly on the Defendant.  The 3rd Court of Appeals also made clear that a statute imposing a penalty should be strictly construed in favor of the party who is subject to the penalty.  *Howell v. Mauzy*, 899 S.W.2d 690, 705 (Tex. App.--Austin 1994, pet. denied).  Such a statute should be construed against those seeking to impose the penalty, here the DWC, and in favor of those on whom, the Plaintiff, such penalties would be imposed.  *Branaum v. Patrick*, 643 S.W.2d 745, 749 (Tex. App.--San Antonio 1982, no writ).  In applying this rule of construction to a statute carrying just civil penalties of fines (like Chapter 415 of the Texas Labor Code, not even a waiver, the Texas Supreme Court explained:

> Penal statutes must be strictly construed in determining the liability of the person upon whom the penalty is imposed, and that the more severe the penalty, and the more disastrous the consequences to the persons subjected to the provisions of the statute, the more rigid will be the construction of its provisions in favor of such person and against the enforcement of such.  Suth. Stat. Const. §322; Potter's Dwarris, 244.  A penal statute, such as now before us, must be couched **in such explicit terms that the party upon whom it is to operate may with reasonable certainty ascertain what the statute requires to be done, and when it must be done; otherwise, there would be no opportunity for a person charged with the duty to protect himself by the performance of it according to the law.**  Suth. Stat. Const. §324; Potter's Dwarris, 246-251.

(Emphasis added.) *Missouri, K. & T. Ry. Co. v. State*, 100 Tex. 420, 100 S.W. 766 (1907).

**ULTRA VIRES & UNLAWFUL ACTIONS BY DWC & DWC COMMISSIONER IN ASSERTING & CONTINUING TO ASSERT CHIROPRACTIC LICENSURE AUTHORITY RESERVED TO THE TBCE.**

The Texas Supreme Court has held that the state officials are proper parties for ultra vires claims which is also pursued in this matter for the state defendants acting beyond and ignoring the challenged statutory rights of the Plaintiff and the exclusive licensure authority of the TBCE. *City of El Paso v. Heinrich,* 284 S.W.3d 366, 373 n.6 (Tex. 2009). The Texas Supreme Court has held that a state agency is a necessary party to a declaratory action concerning statutory and Constitutional challenges of interpretation, enforcement and proper application by the agency. *Patel v. Tex. Dep't of Licensing & Regulation,* 469 S.W.3d 69, 79 (Tex. 2015).

The Texas Supreme Court discussed and explained extensively the exclusive licensure authority and regulation of practices to various health care professionals assigned to specific state agencies, but concluded the exclusiveness did not apply to the Texas Heartbeat Act, which only created a private civil action with authority in private citizens. *Whole Woman's Health v. Jackson*, 642 S.W.3d 569, 575 (Tex.

2022). There has been such delegation of any licensure authority to the DWC Defendants in this matter.

When a physician assistant sued the Texas Medical Board over licensure complaints, the Third Court of Appeals upheld the dismissal of the lawsuit because challenged order was issued by the Texas Physician Assistant Board, TPAB, the agency to which the Legislature has delegated exclusive authority to license and discipline physician assistants in this State, and not the TMB. The Third Court upheld that naming the wrong agency caused the physician assistant to incurably fail to invoke the court's jurisdiction. *Perez v. Tex. Med. Bd.,* No. 03-14-00644-CV, 2015 Tex. App. LEXIS 12492, 2015 WL 8593555 (Tex. App.—Austin Dec. 10, 2015, pet. denied). Here, DWC Defendants never had jurisdiction in their selective and erroneous persecution of Dr. Vanderwerff over his chiropractic license matters.

Even though this matter involves Constitutional and statutory challenges, the Texas Supreme Court cases also support that the state agency is a proper party in a declaratory action to determine parties' rights under the statute, not just Constitutional challenges, that the agency regulates and enforces. *Tex. Lottery Comm'n v. First State Bank of DeQueen,* 325 S.W.3d 628, 634-35 (Tex. 2010); *Tex. Natural Res. Conservation Comm'n v. IT-Davy*, 74 S.W.3d 849, 859-60 (Tex. 2002);

No. 15-25-00026-CV Appellant's Brief

*Tex. Educ. Agency v. Leeper*, 893 S.W.2d 432, 446 (Tex. 1994); *Patel v. Tex. Dep't of Licensing & Regulation,* 469 S.W.3d 69, 79 (Tex. 2015).

The DWC and the DWC Commissioner cannot avoid the law and cannot hide from being required to follow the law and such declaratory relief will avoid the need for repetitive and multiple lawsuits along with prevent continued repeated errors and unlawful actions by the relevant parties against the Doctor.

The Doctor properly plead and sought declaratory judgment relief including under Chapter 37 of the Texas Civil Practices & Remedies Code including as allowed under the Texas Supreme Court decisions of *Leeper, DeQueen, Patel and Heinrich*.

The DWC & DWC Commissioner, as a state agency and state official, have a legal and ethical responsibility, to follow its on laws and fairly and accurately present evidence for all Texans including clearly exculpatory or mitigating evidence—not play a game of gotcha or engage in a witch hunt harking back to the days of Salem. TBCE is the regulatory authority of chiropractors, and for DWC to try to usurp the TBCE role is absurd, ultra vires, if not legal malpractice, in failing to present the laws as written. Facts, and rules and fact favorable to the Doctor.

## VI. CONCLUSION

The DWC and DWC Commissioner have wholly failed to prove by fact or by law any licensure authority over chiropractors much less the Doctor, and the DWC's cease and desist order is void and without legal authority to be issued on a chiropractic license which was still well within the time period to complete renewal requirements. Only the TBCE has authority to regulate and license and take licensure actions against chiropractors in Texas. Chiropractic laws and TBCE Rules allowed the Doctor to continue to practice for up to one year of the two-year license period if education requirements were met and fees paid within that first year, and even good cause if renewed within three years. The Doctor successfully fulfilled his obligations and paid the higher renewal fee within the first year and was renewed for the entire two year period with payment accepted and not prorated by the TBCE. The DWC should be ashamed and apologetic for its continued targeting of a doctor who cares about his patients enough to speak up and speak out. This Court is respectfully asked to rule on this matter in favor of the Doctor for the reasons presented and remand this matter for further proceedings under the proper interpretation of the laws.

## PRAYER

The Doctor respectfully requests that this Court reverse the final judgment and allow the declaratory judgment actions to proceed to resolution including declaratory relief on this matter based upon the failure of the DWC and the DWC Commissioner to assert a proper jurisdictional or legal basis for its allegations, and further that the Doctor has not been shown to have committed any violations and that his two-year license term was successfully and properly renewed within the grace period allowed by the Legislature. The Doctor requests all other relief to which he is entitled.

Respectfully submitted,

/s/Brad McClellan
Bradley Dean McClellan
State Bar No. 13395980
Brad.McClellan@yahoo.com
Board Certified Workers' Compensation Law,
Texas Board of Legal Specialization
Law Office of Brad McClellan
2904 Bowman Avenue
Austin, Texas 78703
512-694-8843 (cell)
512-564-4284 fax
Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE

I certify that I have 11,520 word count checked by the word program in compliance with the Texas Rules of Appellate Procedure.

/s/ Brad McClellan
Bradley Dean McClellan

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing and attached has been served on the below through their counsel of record by the method indicated below on July 11, 2025.

Lauren McGee
Assistant Attorney General
Office of the Attorney General of Texas
Administrative Law Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-3203
Lauren.mcgee@oag.texas.gov
Attorney for Defendants

/s/ Brad McClellan
Bradley Dean McClellan

## APPENDIX

1. Final Judgment of the District Court

CAUSE NO. D-1-GN-23-004200

| | | |
|---|---|---|
| DR. ERIC VANDERWERFF, DC, | § | IN THE DISTRICT COURT OF |
| Plaintiff | § | |
| | § | |
| v. | § | TRAVIS COUNTY, TEXAS |
| | § | |
| TEXAS DEPARTMENT OF | § | |
| INSURANCE- DIVISION OF | § | |
| WORKERS COMPENSATION, DWC, | § | |
| AND DWC COMMISSIONER JEFF | § | |
| NELSON IN HIS OFFICIAL | § | |
| CAPACITY, | § | |
| Defendants | § | 455TH JUDICIAL DISTRICT COURT |

## FINAL JUDGMENT

On December 5, 2024, the Court presided over a final hearing on Plaintiff's suit for judicial review, appealing the final decision of Commissioner Nelson from June 23, 2023. Plaintiff was present through his counsel of record, Brad McClellan. Defendant was present through their counsel of record, Lauren McGee, Office of the Attorney General. Having considered the parties' pleadings, briefs, administrative record, and arguments of counsel, the Court finds that the decision of Commissioner Nelson is supported by substantial evidence as is not: (1) in violation of a constitutional or statutory provision; (2) in excess of statutory authority; (3) made through unlawful procedure; (4) affected by other error of law; (5) arbitrary or capricious; or (6) characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.

173

IT IS THEREFORE ORDERED that Commissioner Nelson's Order entered on June 23, 2023, is AFFIRMED in all respects.

All costs of the court and attorney's fees are taxed against the parties incurring the same.

All requested relief not expressly addressed herein is denied.

This judgment disposes of all claims and all parties and is final and appealable.

Signed this the 19th day of December 2024.

HONORABLE JUDGE KARIN CRUMP

I, VELVA L. PRICE, District Clerk, Travis County, Texas, do hereby certify that this is a true and correct copy as same appears of record in my office. Witness my hand and seal of office On 04/11/2025 09:04:43

VELVA L. PRICE
DISTRICT CLERK
By Deputy:

174

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Bradley McClellan on behalf of Bradley McClellan
Bar No. 13395980
brad.mcclellan@yahoo.com
Envelope ID: 103058925
Filing Code Description: Brief Requesting Oral Argument
Filing Description: Appellant's Brief Requesting Oral Argument
Status as of 7/14/2025 7:06 AM CST

Associated Case Party: Eric Vanderwerff

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brad McClellan | | brad.mcclellan@yahoo.com | 7/12/2025 12:10:23 AM | SENT |

Associated Case Party: Texas Department of Insurance-Division of Workers Compensation

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Lauren McGee | | lauren.mcgee@oag.texas.gov | 7/12/2025 12:10:23 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Jennifer Foster | | Jennifer.Foster@oag.texas.gov | 7/12/2025 12:10:23 AM | SENT |